IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **DANIEL C. ROSECRANS**<br>202 Sheila Drive<br>Wellington, Ohio 44090<br><br>**Plaintiff**<br><br>VS.<br><br>**VILLAGE OF WELLINGTON**<br>115 Willard Memorial<br>Wellington, Ohio 44090<br><br>**Defendant** | Case No. _____<br><br><br>Judge _____<br><br><br><br>**COMPLAINT**<br><br>**(Jury Demand Endorsed Herein)** |

## PARTIES&JURISDICTION

NOW COMES the Plaintiff, **DANIEL C. ROSECRANS**, by and through his attorney **JOHN J. GILL**[1],and states the following for his Complaint for claims arising under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §61 *et seq.* and Ohio's anti-discrimination and hostile work environment laws, specifically Ohio Revised Code Chapter 4112 *et seq.*, against Defendant Village of Wellington.

## JURISDICTION ANDVENUE

1. Count I is set forth pursuant to the laws of the United States.   Therefore, the Court has jurisdiction over Count I pursuant to 28 U.S.C. §1331.

---

[1] A Motion for Admission Pro Hac Vice by Attorney John J. Gill (Ohio Attorney Registration Number 0084118) has been filed simultaneously with this Complaint.

2. The Courts have supplemental jurisdiction over Count II through VI, Plaintiff's State law claims, pursuant to 28 U.S.C. §1367 because the claims arise out of the same set of operative facts.

3. This Court has diversity jurisdiction over Plaintiff's Complaint.

4. Venue is proper in this Division and District as the conduct giving rise to Plaintiff's claims occurred within the Division and District.

5. On or about September 28, 2014, Plaintiff filed a Charge of Discrimination, assigned Agency Charge No.532-2014-02174, based upon Age Discrimination, harassment, disability discrimination, and a hostile work environment stemming from his employment with Defendant.

6. Plaintiff filed a Charge of Discrimination, assigned Agency Charge No. 532-2015-00491, based upon Age Discrimination, harassment, disability discrimination, and a hostile work environment stemming from his employment with Defendant.

7. On August 10, 2016, Daniel Rosecrans received a Notice of Suit Rights from the EEOC from the charge referenced in Paragraph 6 attached hereto as **EXHIBIT 1.**

**PARTIES**

8. Mr. Daniel C. Rosecrans (hereinafter "Rosecrans") resides in the Village of Wellington, County of Lorain, and State of Ohio.

9. Defendant Village of Wellington is a village doing business in the State Ohio with its principal office at 115 Willard Memorial, Wellington, Ohio 44090.

10. Defendant is an employer within the meaning of federal and state law.

**FACTUALBACKGROUND**

11. Rosecrans incorporates by reference paragraphs 1 through 10 as if fully rewritten herein.

12. During all pertinent times herein, Rosecrans was and is employed as a part-time Police Officer with the Village of Wellington.

13. At the time that he was passed up for a full-time Police Officer position, Rosecrans was approximately forty-seven (47) years old.

14. During his tenure, Rosecrans was subjected to a hostile work environment.  Village of Wellington employees and/or agents engaged in conduct that was disrespectful, emotionally abusive, and intimidating relative to age.

15. During his tenure, Rosecrans was a loyal employee who diligently and competently worked for Defendants.

16. Throughout his employment, Rosecrans discharged all duties assigned to him competently and enjoyed an excellent reputation with regard to the high quality of his work.

17. At all relevant times hereto, Rosecrans was fully qualified for his position, performed the essential functions of his job within the reasonable expectations of his employer, and was a dedicated employee.

## COUNT I

### AGEDISCRIMINATION, ADEA29U.S.C.§621*ETSEQ.*

18. Rosecrans incorporates by reference paragraphs 1 through 17as if fully rewritten herein.

19. Rosecrans was qualified for the position of Police Officer.

20. Rosecrans was not chosen for a full-time officer position and was treated less favorably than substantially younger employees.

21. Upon information and belief, the job duties are currently being performed by a younger individual.

22. Defendant discriminated against Rosecrans because of his age when they hired younger and less qualified workers all in violation of ADEA.

23. Defendant's conduct was intentional, willful, wanton and malicious.

24. Rosecrans suffered an adverse employment action.

25. Defendant discriminated against Rosecrans because of his age in violation of 29 U.S.C. §623(a)(1).

26. Because of the conduct of Defendant, Rosecrans is entitled to compensation for all lost wages, front pay, benefits, non-economic compensatory damages and reasonable attorney fees and costs pursuant to 29 U.S.C. §626(b) and 29 U.S.C. §216(b).

27. As a direct and proximate result of the Defendant's actions, Rosecrans has suffered severe injuries and damages, including, but not limited to:

    a. Mental anguish;

    b. Denial of social pleasures and enjoyment;

    c. Embarrassment, humiliation and mortification;

    d.  Aggravation of current financial obligations;

    e.  Punitive damages; and

    f.  Any and all injuries or damages learned throughout the course of discovery.

       **WHEREFORE**, Rosecrans respectfully request this Honorable Court enter Judgment in his favor and against Defendant in an amount in excess of $75,000.00 and award costs, interests and attorney fees so wrongfully incurred.

## COUNT II

### AGE DISCRIMINATION, O.R.C. §4112.02 *ET. SEQ.*

28. Rosecrans incorporates by reference paragraphs 1 through 27 as if fully rewritten herein.

29. Rosecrans suffered an adverse employment action when Defendant did not hire him because of his age.

30. Defendant discriminated against Rosecrans because of his age in violation of O.R.C. §4112.02 *et. seq.*

31. As a direct and proximate result of the Defendant's actions, Rosecrans has suffered severe injuries and damages, including, but not limited to:

    a.  Mental anguish;

    b.  Denial of social pleasures and enjoyment;

    c.  Embarrassment, humiliation and mortification;

    d.  Aggravation of current financial obligations;

    e.  Punitive damages; and

    f.  Any and all injuries or damages learned throughout the course of discovery.

       **WHEREFORE**, Rosecrans respectfully request this Honorable Court enter Judgment in his favor and against Defendant in an amount in excess of $75,000.00 and award costs, interests and attorney fees so wrongfully incurred.

## COUNT III

### AGE DISCRIMINATION (O.R.C. §4112.14)

32. Rosecrans incorporates by reference paragraphs 1 through 31 as if fully rewritten herein.

33. Rosecrans suffered an adverse employment action when Defendant did not hire him for a full-time officer position because of his age.

34. Rosecrans is of the information and belief that the job duties are currently being performed by a younger employee.

35. Defendant discriminated against Rosecrans because of his age in violation of O.R.C. §4112.14.

36. As a direct and proximate result of the Defendant's actions, Rosecrans has suffered severe injuries and damages, including, but not limited to:

    a.  Mental anguish;

    b.  Denial of social pleasures and enjoyment;

    c.  Embarrassment, humiliation and mortification;

    d.  Aggravation of current financial obligations;

    e.  Punitive damages; and

    f.  Any and all injuries or damages learned throughout the course of discovery.

**WHEREFORE**, Rosecrans respectfully request this Honorable Court enter Judgment in his favor and against Defendant in an amount in excess of $75,000.00 and award costs, interests and attorney fees so wrongfully incurred.

## <u>COUNT IV</u>

### HOSTILE WORK ENVIRONMENT - O.R.C. §4112 *ET. SEQ.* AND 4112.99

37. Rosecrans incorporates by reference paragraphs 1 through 36 as if fully rewritten herein.

38. Defendant, by committing the acts alleged in this Complaint, violated O.R.C. 4112.02 and 4112.99 by retaliating against Rosecrans for opposing the hostile work environment based upon his age and his engaging in protected activities.

39. Rosecrans engaged in protective activity, Defendant knew of this protected activity, Defendant took adverse employment action against Rosecrans after learning of the protected activity, and there was a causal connection between the protected activity and the adverse employment action.

40. As a direct and proximate result of the Defendant's actions, Rosecrans has suffered severe injuries and damages, including, but not limited to:

    a.  Mental anguish;

    b.  Denial of social pleasures and enjoyment;

    c.  Embarrassment, humiliation and mortification;

    d.  Aggravation of current financial obligations;

    e.  Punitive damages; and

    f.  Any and all injuries or damages learned throughout the course of discovery.

    **WHEREFORE**, Rosecrans respectfully request this Honorable Court enter Judgment in his favor and against Defendant in an amount in excess of $75,000.00 and award costs, interests and attorney fees so wrongfully incurred.

## COUNT V

### RETALIATION O.R.C.4112.02(I)AND4112.99

41. Rosecrans incorporates by reference paragraphs 1 through 40 as if fully rewritten herein.

42. Defendant, by committing the acts alleged in this Complaint, violated O.R.C. 4112.02(I) and 4112.99 by retaliating against Rosecrans for opposing the hostile work environment based upon age and his engaging in protected activities.

43. Rosecrans engaged in protective activity, Defendant knew of this protected activity, Defendant took adverse employment action against Rosecrans after learning of the protected activity, and there was a causal connection between the protected activity and the adverse employment action.

44. As a direct and proximate result of the Defendant's actions, Rosecrans has suffered severe injuries and damages, including, but not limited to:

    a.  Mental anguish;

    b.  Denial of social pleasures and enjoyment;

    c.  Embarrassment, humiliation and mortification;

    d.  Aggravation of current financial obligations;

    e.  Punitive damages; and

f.  Any and all injuries or damages learned throughout the course of discovery.

**WHEREFORE**, Rosecrans respectfully request this Honorable Court enter Judgment in his favor and against Defendant in an amount in excess of $75,000.00 and award costs, interests and attorney fees so wrongfully incurred.

Respectfully submitted,

LAW OFFICE OF JOHN J. GILL

By:   _____/s/ John J. Gill_____
John J. Gill (0084118)
124 Middle Ave. STE 400, Elyria OH 44035
(440) 915-5610 (phone) ~ (440) 290-5966 (fax)
ohioattorneygill@gmail.com
Attorney for Plaintiff

DATED: November 7, 2016

## JURY DEMAND

Plaintiff, by and through his attorneys, hereby requests a trial by jury in this matter.

Respectfully submitted,

LAW OFFICE OF JOHN J. GILL

By:   _____/s/ John J. Gill_____
John J. Gill (0084118)
124 Middle Ave. STE 400, Elyria OH 44035
(440) 915-5610 (phone) ~ (440) 290-5966 (fax)
ohioattorneygill@gmail.com
Attorney for Plaintiff

DATED: November 7, 2016